1  G. Thomas Martin, III (SBN 218456)
2  **PRICE LAW GROUP, APC**
   15760 Ventura Blvd., Suite 1100
3  Encino, CA 91436
   Direct Dial: (818) 907-2030
4  Fax: (818) 205-3730
   tom@plglawfirm.com
5  Attorneys for Plaintiff,
   CHRISTIANAH AROWORA
6

**FILED**

JUN 1 9 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  CHRISTIANAH AROWORA,              Case No.: **C12-03152**

12              Plaintiff,            **COMPLAINT AND DEMAND FOR JURY TRIAL**

13       vs.                         **(Unlawful Debt Collection Practices)**

14                                   **Demand Does Not Exceed $10,000**

15  DIVERSIFIED COLLECTION
    SERVICES, INC.; and DOES 1 to 10,
16  inclusive,

17              Defendants.

18

19                    **COMPLAINT**

20                   **INTRODUCTION**

21       1.    This is an action for actual and statutory damages brought by Plaintiff,

22  Christianah Arowora, an individual consumer, against Defendant, Diversified

23  Collection Services, Inc., for violations of the Fair Debt Collection Practices Act,

24  15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors

25

26  from engaging in abusive, deceptive, and unfair practices.

27

28

## VENUE AND JURISDICTION

2.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## PARTIES

3.    Plaintiff, Christianah Arowora, is a natural person with a permanent residence in Round Lake, Lake County, Illinois 60073.

4.    Upon information and belief the Defendant, Diversified Collection Services, Inc., (hereinafter "Defendant") is a business entity engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551.The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5.    Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTS

6.     The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7.     Within one (1) year preceding the date of this Complaint and during the first thirty (30) days of communicating with Plaintiff, Defendant, in connection with the collection of the alleged debt, demanded payment of $40,000.00 on the alleged debt and thereby overshadowed the Plaintiff's right to dispute the validity of the debt.

8.     Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contact Plaintiff and threatened to take legal action against Plaintiff.

9.     Defendant has no standing to commence legal proceedings on behalf of the creditor.

10.     Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings.

11. The representations made to Plaintiff by Defendant regarding legal proceedings were false.

12. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

13. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

14. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

15. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff and speaking to her in an offensive and verbally abusive manner.

## COUNT I – FDCPA

16. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

17. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendant violated *§1692d* of the FDCPA by engaging in conduct

the natural consequences of which is to harass, oppress, or abuse

any person in connection with the collection of an alleged debt; and

(b) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

(c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(d) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(e) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(g) Defendant violated *§1692g(b)* of the FDCPA by overshadowing or being inconsistent with the disclosure of the consumer's rights to dispute the debt or request the name and address of the original creditor.

18. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Christianah Arowora, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## COUNT II – RFDCPA

20. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

21. Defendant violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Defendant's violations include, but are not limited to the following:

(a) Defendant violated *§1788.13(j)* of the RFDCPA by falsely representing that a legal proceeding would be instituted unless payment of the alleged debt was made; and

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(b) Defendant violated *§1788.17* of the RFDCPA by being a debt collector collecting or attempting to collect a consumer debt that is not compliant with the provisions of Sections 1692b to 1692j of the FDCPA, the references to federal codes in this section referring to those codes as they read as of January 1, 2001.

17.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18.     As a result of the foregoing violations of the RFDCPA, Defendant is liable to the plaintiff Kendra Lewis for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against defendant Diversified Collection Services, Inc. for the following:

A. Actual damages.

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Statutory damages pursuant to Cal. Civ. Code § 1788.30.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30.

E. For such other and further relief as the Court may deem just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPECTFULLY SUBMITTED,

DATED: June 13, 2012          **PRICE LAW GROUP APC**

By:_____

G. Thomas Martin, III
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHRISTIANAH AROWORA demands trial by jury in this action.